**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION**

| | |
|---|---|
| **RAMAR I. HAWKINS**, *Individually,*<br>*and on behalf of himself and other similarly*<br>*situated current and former employees*, | |
| Plaintiff, | |
| v. | NO. _____ |
| **GARNEY COMPANIES, INC.,**<br>*a Missouri Corporation,* and<br>**GARNEY HOLDING COMPANY,**<br>*a Missouri Corporation,* | **FLSA Opt-in Collective Action**<br>**JURY DEMANDED** |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Ramar I. Hawkins ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid non-exempt construction workers as a class, brings this Fair Labor Standards Act ("FLSA") collective action against Garney Companies, Inc. and Garney Holding Company ("Defendants") and states as follows:

## I.  INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid construction workers as defined herein.

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     PARTIES

4.     Defendant, Garney Companies, Inc., is a Missouri corporation with its principal address located at 1333 NW Vivion Road, Kansas City, Missouri 64118-4554.

5.     Defendant, Garney Holding Company, is a Missouri corporation with its principal address located at 1333 NW Vivion Road, Kansas City, Missouri 64118-4554. Garney Holding Company is the parent corporation of Garney Companies, Inc.

6.     Plaintiff has been employed by Defendants as an hourly-paid construction worker (pipe layer/operator) within this district at all times material to this collective action. Plaintiff Hawkins' "Consent to Join" form is attached as *Exhibit A*.

## III.     JURISDICTION AND VENUE

7.     This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

8.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendants conducted business in this district and Plaintiff was employed by and performed work for Defendants in this district during all times material to this action.

## IV.     CLASS DESCRIPTION

9.     Plaintiff brings this action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid, non-exempt construction workers of Defendants working in the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter, including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

2

## V.  COVERAGE

10. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d).

11. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) at all times mentioned hereinafter.

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. Plaintiff and similarly situated hourly-paid construction workers, as employees of Defendants, were engaged in commerce during all times material to this collective action.

14. At all times material to this action, Defendants have been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

15. Plaintiff and similarly situated hourly-paid construction workers have been "employees" of Defendants as that term is defined in the FLSA and individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207 at all relevant times.

## VI.  FACTUAL ALLEGATIONS

16. Defendants are a national leader in water and wastewater construction with projects

3

throughout the United States, including one such project in Knox County, Tennessee at which location Plaintiff Hawkins was employed at and worked for Defendants during all times material to this action.

17. Plaintiff was employed by Defendants both as a "pipe layer" and a "operator."

18. Defendants established and administered the pay practices of Plaintiff and similarly situated hourly-paid construction workers during the three (3) years preceding the filing of this collective action.

19. Plaintiff and other similarly situated hourly-paid construction workers routinely worked and performed construction work for Defendants in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

20. Defendants have had a common plan, policy and practice of deducting a thirty (30) minute meal period during each work shift of Plaintiff and other similarly situated hourly-paid construction workers, irrespective of whether they performed job duties during such unpaid thirty (30) minute meal periods.

21. Given the job duties and responsibilities of being required to perform construction work during all scheduled hours of work, including the unpaid thirty (30) minute meal period per shift, Plaintiff and those similarly situated were not compensated at the applicable FLSA overtime compensation rates of pay by Defendants for such unpaid meal periods worked when performing job duties and/or not fully relieved of job duties within weekly pay periods at the applicable FLSA overtime rates of pay during all times material.

22. Plaintiff and similarly situated hourly-paid construction workers performed work during such thirty (30) minute unpaid meal periods and/or were not fully relieved of their job

4

duties during such thirty (30) minute unpaid meal periods within weekly pay periods during all times material, without being compensated at the applicable FLSA overtime rates of pay for such unpaid thirty (30) minute meal periods.

23. The unpaid "edited-out/deducted" meal period claims of Plaintiff and similarly situated hourly-paid construction employees are unified through a common theory of Defendants' FLSA violations.

24. Defendants were aware they were not compensating Plaintiff and those similarly situated at the applicable FLSA overtime rates of pay for such unpaid meal break times within relevant weekly pay periods at all times material.

25. Defendants also had a common plan, policy and practice or requiring, inducing, expecting, encouraging and/or, suffering and permitting, Plaintiff and similarly situated hourly-paid construction workers to perform construction-related work that was an integral and indispensable part of their job duties before the beginning time of their scheduled shifts without compensating them for such "off-the-clock" work at the applicable FLSA overtime rates of pay during all times material to this collective action.

26. Plaintiff and similarly situated hourly-paid construction workers did perform such construction work that was an integral and indispensable part of their job duties prior to the beginning of their scheduled shifts within weekly pay periods during all times material without being compensated for such "off-the-clock" work time at the applicable FLSA overtime rates of pay.

27. Such pre-shift "off-the-clock" work time consisted of such job functions, *inter alia*, as:

(a) Checking work schedules and job instructions for the particular work day;

(b) Inspecting the specific work site related to the scheduled job assigned for the particular

5

work day;

(c) Checking work tools to be used in the assigned job for the particular work day;

(d) Checking water pumps and other related equipment and supplies required for the assigned job for the particular day; and/or

(e) Checking radios and other essential communication devices necessary to carry out the assigned job functions for the particular day.

28. Such pre-shift "off-the-clock" work constituted more than a *de minimis* amount of work time as it often took more than fifteen (15) minutes per shift.

29. On information and belief, Defendants had an inequitable and unlawful compensation policy where Plaintiff and similarly situated hourly-paid construction employees were not paid from the time between when they began actually working until the scheduled "start time" of their shifts.

30. Likewise, they were not paid for time spent working after the scheduled "end time" of their scheduled shifts.

31. Plaintiff and similarly situated hourly-paid construction workers were subjected to Defendants' aforementioned unlawful compensation policies and were not compensated at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material for this "pre" and "post" shift work time.

32. The aforementioned unpaid wage claims of Plaintiff and similarly situated hourly-paid construction workers are unified through common theories of Defendants' FLSA statutory violations.

33. Defendants' common plan, policy and practice of not compensating Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates

6

of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

34. Defendants' failure to compensate Plaintiff and those similarly situated for such unpaid thirty (30) minute meal periods when they performed job duties and/or were not fully relieved of their job duties, as well as their failure to compensate them for their actual work time was willful with reckless disregard to the FLSA overtime compensation requirements and without a good faith basis.

35. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this case as a collective action on behalf of himself and class members pursuant to 29 U.S.C. § 216(b) to recover from Defendants unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other related damages.

37. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay scheme that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

38. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class and similarly subjected to Defendants' aforementioned unlawful time keeping and compensation plans, policies and practices.

39. Plaintiff and class members are similarly situated because their aforementioned unpaid

meal period wage claims are unified through a common theory of Defendants' FLSA violations.

40. Plaintiff and class members are similarly situated because their aforementioned unpaid wage claims are unified through a common theory of Defendants' FLSA violations.

41. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

42. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

43. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

44. Defendants knew Plaintiff and class members performed compensable work and, were not fully relieved of their job duties during unpaid thirty (30) minute meal breaks that resulted in excess of forty (40) hours per week within weekly pay periods and required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendants operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

45. Defendants knew Plaintiff and class members' aforementioned work time was compensable. Nonetheless, Defendants operated under a common policy and practice to

deprive Plaintiff and class members of such overtime compensation.

46.    Defendants' conduct and actions, as alleged herein, were willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the collective class.

47.    Defendants did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

48.    Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime.

49.    Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

50.    Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

51.    Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' work sites with a ninety (90) day opt-in window.

52.    Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
## (Violation of the Fair Labor Standards Act)

53.     Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

54.     At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

55.     Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

56.     At all times material, Defendants were an "employer" of Plaintiff and each class members, as such term is defined by the FLSA.

57.     Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

58.     Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

59.     As a result of Defendants' aforementioned common plan, policy and practice of automatically withholding thirty (30) minutes of pay for "meal break" periods of Plaintiff and class members during which times they performed work and/or were not fully relieved of their job duties and, thereby failing to compensate them for such time at the applicable FLSA overtime compensation rates of pay, Defendants have violated the FLSA and are liable to them for such unpaid overtime compensation.

60.     Likewise, as a result of Defendants' aforementioned common plan, policy and practice of requiring, inducing, expecting, encouraging and/or, suffering and permitting, Plaintiff and class members to perform pre-shift work, without compensating them for such time at the applicable FLSA overtime compensation rates of pay, Defendants have violated the FLSA

10

and are liable to them for such unpaid "off-the-clock" overtime compensation.

61.   Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

62.   Through its actions, plans, policies and practices Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

63.   Defendants' conduct and actions were willful with reckless disregard to clearly applicable FLSA provisions.

64.   Defendants' conduct and actions were not based on good faith.

65.   The unpaid aforementioned unpaid overtime wage claims of Plaintiff and the class are unified through a common theory of Defendants' FLSA violations.

66.   As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

67.   Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in

their favor on this Complaint and

    a) Award Plaintiff and class members all unpaid overtime compensation against Defendants;

    b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

    c) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

    d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

    e) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

    f) Award post-judgment interest and court costs as allowed by law;

    g) Enter an Order designating this action as an opt-in collective action under the FLSA;

    h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

    i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

    j) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

    k) Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: September 15, 2020.

Respectfully Submitted,

*s/Gordon E. Jackson*

Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***

13